■ AIU INSURANCE COMPANY et al., Appellants, v ROBERT PLAN CORPORATION et al., Respondents. (And Another Action.) [816 NYS2d 680]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 20, 2006, which granted defendants' motion to compel plaintiffs to fund defendants' payroll expenses for the last two weeks of 2005, unanimously affirmed, with costs.

The parties to this breach of contract action are insurers and their managing agents in a particular segment of the automobile insurance business. From 1999 to 2005, pursuant to certain agreements, defendants managed the business for plaintiffs, rating and issuing policies and endorsements, collecting premiums, and handling claims. However, in September 2005, plaintiffs brought this action alleging that defendants breached the parties' one-year "Interim Agreement," effective January 1, 2005, and their earlier Master Agreement. Defendants denied liability and asserted affirmative defenses and counterclaims, and subsequently advised plaintiffs that because of plaintiffs'

breaches of the Interim Agreement, defendants were excused from any further performance under any of the agreements.

In November 2005, the court issued an order preliminarily enjoining defendants from failing to perform under the Interim Agreement. More specifically, the order enjoined defendants from failing, inter alia, to administer plaintiffs' policies and claims, and to provide assistance, materials, and/or support for plaintiffs' transfer of the administration of their claims and policies from defendants to another system. It also enjoined defendants from discharging certain personnel without the express written consent of plaintiffs. However, it limited plaintiffs' authority to discharge personnel to those employees who were performing certain defined functions, provided that plaintiffs would not require defendants to discharge any employee whose employment plaintiffs had not directed defendants to terminate prior to November 7, 2005, and provided, further, that plaintiffs would continue to fund the salaries of such employees through the end of the year, on the same basis as they had funded such salaries prior to November 7.

In granting defendants' motion to compel plaintiffs to fund defendants' payroll expenses for the last two weeks of 2005, the court correctly construed its prior preliminary injunctive order.

We have considered plaintiffs' remaining contention and find it unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Malone, JJ.